# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| YOLANDA VALDEZ, * | |
| * | No. 16-890V |
| Petitioner, * | Special Master Christian J. Moran |
| * | |
| v. * | |
| * | Filed: April 13, 2017 |
| SECRETARY OF HEALTH * | |
| AND HUMAN SERVICES, * | Attorneys' fees and costs. |
| * | |
| Respondent. * | |

* * * * * * * * * * * * * * * * * * *

Clifford J. Shoemaker, Shoemaker, Gentry & Knickelbein, for Petitioner;
Ilene C. Albala, U.S. Dep't of Justice, Washington, D.C., for Respondent.

## UNPUBLISHED DECISION ON FEES AND COSTS[1]

On March 6, 2017, petitioner moved for final attorneys' fees and costs in the above-captioned matter. Petitioner is awarded **$21,036.53**.

On July 26, 2016, Yolanda Valdez, filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §300aa-10 through 34, alleging that the influenza vaccine, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), and which she received on September 25, 2013, caused her to suffer a shoulder injury. The undersigned issued a decision awarding compensation to Ms. Valdez based on the parties' stipulation. Decision, 2017 WL 1175666 (March 1, 2017).

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Because Ms. Valdez received compensation, she is entitled to an award of attorneys' fees and costs. 42 U.S.C. § 300aa-15(e). Petitioner seeks a total of $16,458.77 ($16,835.70 in attorneys' fees and $4,327.32 in costs) for her counsel. In compliance with General Order No. 9, petitioner states that she advanced $402.51 for reimbursable costs in pursuit of her claim.

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. <u>Avera v. Sec'y of Health & Human Servs.</u>, 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" <u>Id.</u> at 1347-48 (quoting <u>Blum v. Stenson</u>, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. <u>Id.</u> at 1348.

*   *   *

The first factor in the lodestar formula is a reasonable hourly rate. For hourly rates, petitioner's counsel, Mr. Shoemaker proposed $430 per hour for 2016 and $446 per hour for 2017. The Secretary did not directly challenge any of the proposed hourly rates. The 2016 rate is reasonable, has been previously awarded, and is consistent with <u>McCulloch</u>. See <u>McCulloch v. Sec'y of Health & Human Servs.</u>, No. 09–293V, 2015 WL 5634323, at *19; <u>Mikkelson v. Sec'y of Health & Human Servs.</u>, No. 15–867V, 2016 WL 6803786 at *3 (Fed. Cl. Spec. Mstr. Oct. 3, 2016). The 2017 rate of $446, which is a 3.59% increase in hourly rate, is being awarded at this time.[2]

Mr. Shoemaker received assistance from another attorney, Renee Gentry. Ms. Gentry charged $415 per hour in 2016 and $430 per hour in 2017. The 2016 rate is reasonable and has been previously been awarded. <u>Mikkelson</u>, 2016 WL 6803786, at *3. Like Mr. Shoemaker, Ms. Gentry has requested a higher rate for 2017. Again, the undersigned awards the 2017 rate at this time.[3]

---

[2] The number of hours Mr. Shoemaker billed for work done in 2017 is small. The decision in this case to award attorneys' fees at the requested 2017 rate should not be construed as a finding that Mr. Shoemaker's requested 2017 hourly rate is reasonable.

[3] Like Mr. Shoemaker, Ms. Gentry billed a modest amount of hours for work done in 2017. The decision in this case to award attorneys' fees at the requested 2017 rate should not be construed as a finding that Ms. Gentry's requested 2017 hourly rate is reasonable.

Lastly, Mr. Shoemaker received services from an attorney, Sabrina Knickelbein, who performed tasks that are best characterized as administrative and paralegal in nature. See Timesheets[4] ("E-mails to and from Gretchen regarding e-mail regarding Kaiser records," "Telephone call with Eastern Medical regarding request"). Ms. Knickelbein charged $365 per hour for work she performed. An attorney's high hourly rate reflects, in part, the attorney's education and training. Tasks that do not require this background, such as collecting medical records, should be charged at a lower rate. In submitting an application based on the timesheets, the petitioner's attorney is expected to exercise "billing judgment." Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). Consequently, the undersigned awards a paralegal rate of $135 per hour. See Valdes v. Sec'y of Health & Human Servs., 89 Fed. Cl. 415, 425 (2009); McCulloch, 2015 WL 5634323, at *21. This results in a deduction of **$529.00**.

Further review of the fee application revealed that prior to Mr. Shoemaker representing Ms. Valdez, another law firm, Law Office of Lisa A. Roquemore, represented her. The invoice related to this representation was included with the application for attorneys' fees and listed as a cost. The undersigned issued an order requesting clarification regarding the invoice. Ms. Valdez requested that Ms. Roquemore be reimbursed directly for attorneys' fees and costs incurred during her initial representation. Pet'r's Status Rep., filed Apr. 4, 2017. Ms. Roquemore charged $365 per hour in 2014 for work done on Ms. Valdez's case. This rate is reasonable and has been previously been awarded. Davis v. Sec'y of Health & Human Servs., No. 14-978V, 2017 WL 656304, at *2 (Fed. Cl. Jan. 23, 2017)

The second factor in the lodestar formula is a reasonable number of hours. The Secretary also did not directly challenge any of the requested hours as unreasonable. In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See Shea v. Sec'y of Health & Human Servs., No. 13-737V, 2015 WL 9594109, at *2 (Fed. Cl. Spec. Mstr. Dec. 10, 2015) ("special masters are not obligated to evaluate an attorney's billing records on a line-by-line basis in making the reasonableness determination . . . and certainly need not do so when Respondent has not attempted to highlight any specific alleged inefficiencies"). The hours that Ms. Valdez's counsel, former and

---

[4] The timesheets are found within the motion for attorneys' fees and costs filed on March 6, 2017.

current, worked are reasonable.[5]  See also Anderson v. Sec'y of Health & Human Servs., No. 14-879V, 2016 WL 4169107 (Fed. Cl. Spec. Mstr. Jun. 28, 2016).

In addition to seeking attorneys' fees, Ms. Valdez seeks an award of costs for her counsel.  The costs are relatively routine, such as medical record retrieval, mailings, and photocopies.  All costs are reasonable, documented, and are awarded in full.

*   *   *

The undersigned finds an award of attorneys' fees and costs appropriate.  The Court awards **$21,036.53**[6] to be paid as follows:

a. **A lump sum of $16,431.22 in the form of a check made payable to petitioner and petitioner's attorney, Clifford J. Shoemaker, of Shoemaker, Gentry & Knickelbein, for attorneys' fees and other litigation costs;**

b. **A lump sum of $4,202.80 in the form of a check made payable to petitioner and petitioner's attorney, Lisa Roquemore, of Law Office of Lisa A. Roquemore, for attorneys' fees and other litigation costs; and**

c. **A lump sum of $402.51 in the form of a check made payable to Yolanda Valdez.**

This represents reimbursement for all attorneys' fees and costs available under 42 U.S.C. § 300aa-15(e).  In the absence of a motion for review filed

---

[5] In reviewing Mr. Shoemaker's timesheets, some billing entries are vague containing as little as three words which does not provide enough detail so that the reasonableness of the activity can be assessed.  See Timesheets ("email to Gretchen," "Email to and from client," "Email from Sabrina").  Attorneys should take care that billing entries are reasonably detailed.  See Avgoustis v. Shinseki, 639 F.3d 1340, 1344-45 (Fed. Cir. 2011).

[6] $21,036.53 (attorneys' fees and costs requested) - $529.00 (deductions) + $402.51 (petitioner's personally incurred costs).

pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[7]

**IT IS SO ORDERED**.

S/Christian J. Moran  
Christian J. Moran  
Special Master

---

[7] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.